Schuyler G. Carroll (SC-1234)
Adrienne W. Blankley (AB-9412)
ARENT FOX PLLC
1675 Broadway
New York, New York 10019
(212) 484-3900

Attorneys for Boston Investors Group, Inc.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re

MAYWOOD CAPITAL CORP., *et al.*,

                Debtor.

Chapter 11

Case No. 05-10987 (RDD)

(Jointly Administered)

------------------------------------------------------------x
In re

ALEXANDRA HORVATH,

                Debtor.

Chapter 7

Case No. 05-60172 (RDD)

------------------------------------------------------------x
In re

JOSEPH GREENBLATT,

                Debtor.

Chapter 11
Case No. 05-60142 (RDD)

------------------------------------------------------------x
In re

MAX GREENBLATT,

                Debtor.

Chapter 7

Case No. 05-60163 (RDD)

------------------------------------------------------------x

**LIMITED OBJECTION OF BOSTON INVESTORS GROUP, INC. TO THE
BANKRUPTCY TRUSTEES' MOTION (A) TO APPROVE A SETTLEMENT
AGREEMENT BETWEEN AND AMONG THE TRUSTEES AND CERTAIN DEBTORS
AND OTHER PARTIES AND (B) IN CONNECTION WITH SUCH SETTLEMENT
APPROVAL, TO AUTHORIZE THE SALE OF CERTAIN REAL PROPERTIES FREE
AND CLEAR OF LIENS PURSUANT TO SECTION 363 OF THE BANKRUPTCY CODE**

NYC/296802.1

TO: THE HONORABLE ROBERT D. DRAIN,
UNITED STATES BANKRUPTCY JUDGE

Boston Investors Group, Inc. ("BIG"), a secured creditor of Max Greenblatt (the "Debtor"), by Arent Fox PLLC, its attorneys, respectfully submits this Limited Objection (the "Objection") to the Bankruptcy Trustees' Motion (the "Motion") (A) to Approve a Settlement Agreement (the "Proposed Settlement") Between and Among the Trustees and Certain Debtors and Other Parties (the "Parties") and (B) in Connection with such Settlement Approval, to Authorize the Sale of Certain Real Properties Free and Clear of Liens Pursuant to Section 363 of the Bankruptcy Code and respectfully represents:

## PRELIMINARY STATEMENT

1. BIG is supportive of the efforts of the Parties to sell the property owned by Max Greenblatt (the "Max Property") in which BIG has a secured interest. However, inasmuch as the Proposed Settlement seeks to sell, *inter alia*, the Max Property without assuring BIG that it will be paid its allowed claim in full prior to consummation of the sale and transfer of the Max Property, BIG objects to the Proposed Settlement.

2. By this Objection, BIG seeks to have the proposed order (the "Proposed Order") approving the Proposed Settlement require that BIG's allowed claim be paid in full prior to the transfer of the Max Property.

## BACKGROUND

3. On December 6, 2005 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11, Title 11, of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York.

4. BIG holds a secured claim in the amount of $338,883.36 (the "BIG Claim") against the Max Property.

5. On September 5, 2006, the John P. Campo as Chapter 11 Trustee for Maywood Capital Corp. and its related debtors, Ian J. Gazes as Chapter 11 Trustee for Joseph Greenblatt and Chapter 7 Trustee for Alexandra Horvath, and Gary Herbst as counsel to Gregory Messer, Chapter 7 Trustee for Max Greenblatt and related debtors (the "Trustees") filed the Motion.

**OBJECTION**

1. The Proposed Settlement for which the Trustees seek approval seeks, *inter alia,* to sell the Max Property free and clear of liens. The Proposed Settlement does not, however, provide for the payment of the BIG Claim prior to the transfer of the Max Property.

2. BIG has contacted Gary Herbst, Esq., counsel to Gregory Messer, and advised him of BIG's objection and asked that it be rectified in the Proposed Order. While BIG had hoped that this would have been addressed by this time, and in any event prior to the hearing on the Motion, BIG is filing this Objection to reserve its rights.

3. BIG respectfully requests that the Proposed Order contain the following language:

> Notwithstanding anything to the contrary, prior to consummation of the Settlement as described in the Motion, or transfer of the Max Properties, the allowed claim of Boston Investor Group, Inc. shall be paid in full.

## **CONCLUSION**

WHEREFORE, for the reasons set forth herein, BIG respectfully requests that this Court (a) approve the Proposed Order contingent upon the inclusion of the insertion of the language sought in this Objection; and grant (b) grant such other, further and different relief as this Court deems just and proper.

Dated: New York, New York
September 22, 2006

>ARENT FOX PLLC
>Attorneys for Boston Investors Group, Inc.
>
>By:   */s/ Schuyler G. Carroll*
>  Schuyler G. Carroll (SC-1234)
>  Adrienne W. Blankley (AB-9412)
>  1675 Broadway
>  New York, NY 10019
>  (212) 484-3900

NYC/296802.1