UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

In Re: Maywood Capital Corp., *et al.,*    Chapter 11
                                                                     Case No. 05-10987, et al. (RDD)
                           Debtors.                           (Jointly Administered)

------------------------------------------------------------X

In Re: Alexandra Horvath,    Chapter 7
                                      Case No. 05-60172 (RDD)
                           Debtor.

------------------------------------------------------------X

In Re:  Joseph Greenblatt,    Chapter 11
                                      Case No. 05-60142 (RDD)
                         Debtor.

------------------------------------------------------------X

In Re:  Max Greenblatt,    Chapter 7
                                      Case No. 05-60163 (RDD)
                       Debtor.

------------------------------------------------------------X

**ORDER APPROVING MOTION OF BANKRUPTCY TRUSTEES (A) TO APPROVE A SETTLEMENT AGREEMENT BETWEEN AND AMONG THE TRUSTEES AND CERTAIN DEBTORS AND OTHER PARTIES AND, (B) IN CONNECTION WITH THE SETTLEMENT APPROVAL, TO AUTHORIZE THE SALE OF CERTAIN REAL PROPERTIES PURSUANT TO SECTION 363 OF THE BANKRUPTCY CODE**

Upon the joint motion dated September 5, 2006 (the "Motion") of John S. Pereira (the "Maywood Trustee"), as trustee for Maywood Capital Corp. and its related debtors (collectively, "Maywood" or the "Maywood Debtors"), Ian Gazes, as trustee for Alexandra Horvath ("Alexandra") and Joseph Greenblatt (the "Horvath/Greenblatt Trustee"); Gregory Messer, as trustee (the "Max Trustee") for Max Greenblatt ("Max")(the Maywood Trustee, the Horvath/Greenblatt Trustee, and the Max Trustee are collectively, the "Trustees"), for orders in

their respective estates: (a) approving, pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure, a settlement agreement (the "Settlement Agreement") entered into as of August 31, 2006, between and among the Trustees, Max, Alexandra, and certain third parties; and (b) in connection with such approval, authorizing, pursuant to Section 363(b) and (f) of the Bankruptcy Code, the sale or transfer of certain real properties which are the subject of the Settlement Agreement, free and clear of liens, claims encumbrances and interests, except as otherwise set forth in the Settlement Agreement, and as more fully described in the Motion; and opposition to the Motion having been filed by Boston Investors Group, Inc. ("BIG"), The Balmoral Condominium Association, Inc. ("Balmoral"), The New Jersey Bureau of Securities ("NJBOS"), and The Board of Managers of the 188 East 70th Street Condominium ("Board of Managers"); and a hearing having been held on the approval of the Motion and the Settlement Agreement on September 25, 2006 (the "Hearing"); and upon the record of such Hearing; and upon a resolution of the objections filed by Balmoral, NJBOS and the Board of Managers as set forth on the record at the Hearing; and the Court having overruled the objection filed by BIG for the reasons stated by the Court at the hearing; and the Court having found that the relief requested in the Motion is warranted and satisfies the standard under Rule 9019 of the Federal Rules of Bankruptcy Procedure and Section 363(b) and (f) of the Bankruptcy Procedure and Section 363(b) and (f) of the Bankruptcy Code; and proper, timely, adequate, and sufficient notice of the Motion and Hearing having been provided; and a reasonable opportunity to object or be heard regarding the relief requested in the Motion having been afforded to all interested persons and entities; and the Settlement Agreement and the terms of the transfer and sale of the Max Properties and the Alexandra Properties (as those terms are defined in the Motion and Settlement Agreement and collectively, the "Properties") having been negotiated and entered into in good faith by the

parties; and the terms and conditions of the transfers and sale of the Max Properties and the Alexandra Properties, including the total consideration to be realized by the Debtors' estates who are parties to the Motion and Settlement Agreement being fair and reasonable; and the transactions contemplated by the Settlement Agreement being in the best interests of the applicable estates and their creditors; it is hereby

**ORDERED,** that pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure, the Motion and the Settlement Agreement, which is annexed to the Motion, are approved in all respects; and it is further

**ORDERED,** that the sale and/or transfer of the Max Properties and the Alexandra Properties as set forth in the Settlement Agreement, and the transactions contemplated thereby, are approved in all respects, and the Trustees are authorized, empowered, and allowed to enter into and perform such obligations, make such distributions, expend such funds and execute such documents as may be necessary to implement and effectuate the terms and conditions of the Settlement Agreement and this Order, and to take such actions as are necessary to effectuate a sale and/or transfer of the Max Properties and the Alexandra Properties, including, without limitation, to pay and satisfy, upon closing, the obligations, as set forth in the Settlement Agreement; and it is further

**ORDERED,** that, pursuant to § 363 of the Bankruptcy Code, the Max Trustee is authorized, empowered and allowed to sell the Max Properties to Boris Davydov ("Davydov"), subject to the terms and conditions of this Order and the Settlement Agreement, and subject to those liens and mortgages and claims set forth in the Settlement Agreement, including the lien of BIG, but otherwise free and clear of liens, claims, and encumbrances (with such liens, claims, and encumbrances, if any, to attach to the proceeds of the sale in the same order and priority as

they exist on the date of this Order) for the total Purchase Price of $350,000, and the Max Trustee is further authorized to execute a deed transferring title of the Max Properties to Davydov; and it is further

**ORDERED,** that, pursuant to sections 363 (b) and (f) of the Bankruptcy Code, the Horvath/Greenblatt Trustee is authorized, empowered, and allowed to sell the NY Condo, as that term is defined in the Settlement Agreement, to Davydov, subject to the terms and conditions of this Order and the Settlement Agreement, free and clear of all liens, claims, and encumbrances (except for the Permitted Exceptions as defined in the Settlement Agreement), for the total Purchase Price of $1.65 million, with such liens, claims, and encumbrances to attach to the proceeds of the sale in the same order and priority as they exist as of the date of this Order, and the Horvath/Greenblatt Trustee is further authorized to execute a deed transferring title of the NY Condo to Davydov; and it is further

**ORDERED,** that, subject to the provisions of the Settlement Agreement, the Horvath/Greenblatt Trustee is authorized, empowered, and allowed to pay any and all costs and expenses necessary to effectuate the sale of the NY Condo, including any taxes related thereto and to satisfy any and all valid liens from the proceeds of the sale of the NY Condo without further order of this Court; and it is further

**ORDERED,** that, subject to the provisions of the Settlement Agreement, the Horvath/Greenblatt Trustee is authorized, empowered, and directed to pay the balance of proceeds of the sale of the NY Condo, after establishing the reserves as set forth in the Settlement Agreement, to the Maywood Trustee within 5 business days after the Closing of such sale to Davydov; and it is further

**ORDERED,** that the Horvath/Greenblatt Trustee is authorized, empowered, and allowed to transfer title to the Westhampton Property, as that term is defined in the Settlement Agreement, to the Maywood Trustee pursuant to a quit claim deed, free and clear of all liens, claims, and encumbrances, including but not limited to the claims of the Alexandra estate and Alexandra, but subject to any valid mortgages and liens of record on the Westhampton Property; and it is further

**ORDERED,** that the Maywood Debtors' estates shall indemnify the Horvath/Greenblatt Trustee and the Alexandra estate from any and all taxes, if any, that may arise from the Westhampton Property Transfer, and that obligation, if any, shall constitute an administrative claim in the Maywood Debtors' cases, and shall be payable in the event of a final determination of any such tax liability including under Section 505 of the Bankruptcy Code; and it is further

**ORDERED,** that the sale and/or transfer of the Max Properties and the Alexandra Properties approved by this Order are not subject to avoidance, under § 363(n) of the Bankruptcy Code; and it is further

**ORDERED,** that each and every federal, state and local government agency or department is hereby directed to accept any and all documents necessary and appropriate to consummate the sale and/or transfer of the Properties, and a copy of this Order may be filed in any place where state, federal or local law permits filing or recording, including in the real property records where the Properties are located; and it is further

**ORDERED,** that in the event that Davydov does not close on the sale of the Max Properties and/or the NY Condo as provided for in the Settlement Agreement and this Order, then Max and/or Alexandra, as the case may be, and any persons or tenants occupying the applicable property, are directed to provide the applicable Trustee as contemplated by the

Settlement Agreement, and their agents and representatives, with immediate and complete access to the applicable property; and it is further

**ORDERED,** that in the event that Davydov does not close on the sale of the Max Properties and/or the NY Condo as provided for in the Settlement Agreement and this Order, Max and/or Alexandra, as the case may be, and any persons or tenants occupying the applicable property, are directed to immediately vacate the applicable property and deliver possession to the applicable Trustee, and in the event any persons or tenants occupying the Max Properties and/or the NY Condo fail to cooperate with the applicable Trustee and immediately surrender possession of such property, the United States Marshals Service is authorized and directed to evict the applicable Debtor, and any and all other persons or tenants occupying such property, and to place the applicable Trustee in possession of the applicable property; and it is further

**ORDERED,** that in the event that Davydov does not close on the sale of the Max Properties as provided for in the Settlement Agreement, Max shall pay a use and occupancy fee for the Max Properties to the Max Trustee for the period commencing September 1, 2006, and continuing through the date on which possession is surrendered or obtained, which use and occupancy fee shall either be agreed to by Max and the Max Trustee, or in the absence of any agreement shall be determined by the Bankruptcy Court; and it is further

**ORDERED,** that in the event that Davydov does not close on the sale of the NY Condo as provided for in the Settlement Agreement, Alexandra shall pay a use and occupancy fee for the NY Condo to the Horvath/Greenblatt Trustee for the period commencing September 22, 2006, and continuing through the date on which possession is surrendered or obtained, which use and occupancy fee shall either be agreed to by Alexandra and the Horvath/Greenblatt Trustee, or in the absence of any agreement shall be determined by the Bankruptcy Court; and it is further

**ORDERED,** that Alexandra, and any persons or tenants occupying the Westhampton Property, shall vacate the Westhampton Property, and provide immediate and complete access to the Westhampton Property to the Maywood Trustee, his agents and representatives, by October 3, 2006; and it is further

**ORDERED,** that notwithstanding the foregoing paragraph, Alexandra shall be permitted to keep her personal belongings in the Westhampton Property through and including October 16, 2006, by which date all of her personal belongings shall have been removed; and it is further

**ORDERED,** that Alexandra shall pay to the Maywood Trustee a use and occupancy fee for the Westhampton Property for the period commencing September 22, 2006, through October 16, 2006, which use and occupancy fee shall either be agreed to by Alexandra and the Maywood Trustee, or in the absence of any agreement shall be determined by the Bankruptcy Court; and it is further

**ORDERED,** that in the event Alexandra, and any persons or tenants occupying the Westhampton Property, fail to fully vacate the Westhampton Property by October 16, 2006, Alexandra shall be liable to the Maywood Trustee for an additional use and occupancy fee until such time as the Westhampton Property is fully vacated; and it is further

**ORDERED,** that in the event that Alexandra, and any persons or tenants occupying the Westhampton Property, fails to cooperate with the Maywood Trustee and to surrender possession of the Westhampton Property by October 16, 2006, the United States Marshals Service is authorized and directed to evict Alexandra, and any and all other persons or tenants occupying the Westhampton Property, and to place the Maywood Trustee in possession of the Westhampton Property; and it is further

**ORDERED,** that the Trustees are authorized to execute such documents, expend such funds, and do such things as may be necessary to effectuate and implement the terms and conditions of this Order and the Settlement Agreement; and it is further

**ORDERED,** that Davydov shall provide to the NJBOS the same financial information and disclosures that he is obligated to provide to the Trustees and the Receiver under the Settlement Agreement and in connection with the Closings (as defined in the Settlement Agreement), to confirm the source of funds used by Davydov to purchase the Max Properties and the NY Condo; and it is further

**ORDERED,** that, in addition to any rights the Trustees and the Receiver may have under the Settlement Agreement, if the NJBOS is not satisfied with such disclosures, NJBOS shall have the right to return to this Court on shortened notice by letter application to request the Court exercise its discretion and void the Settlement Agreement and the Contract in accordance with the provisions of paragraph 12 of the Settlement Agreement; and it is further

**ORDERED,** that this Court shall retain jurisdiction to enforce the provisions of this Order and to resolve any dispute concerning this Order, and any and all claims related thereto, or the rights and duties of the parties, or any issues relating to this Order and the sale of the Properties; and it is further

**ORDERED,** that a copy of this order shall be entered on the docket in each of the Bankruptcy proceedings captioned on the first page of this Order.

Dated: New York, New York
October 10, 2006

/s/Robert D. Drain
**UNITED STATES BANKRUPTCY JUDGE**