Schuyler G. Carroll (SC-1234)
Robert J. Nahoum (RN-4907)
ARENT FOX LLP
1675 Broadway
New York, New York 10019
(212) 484-3900

Attorney for Roy Babitt, Chapter 7 Trustee

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------x
In re                                                                       Chapter 7

JOSEPH GREENBLATT,                                        Case No. 05-60142 (RDD)

                          Debtor.
---------------------------------------------------------x
Roy Babitt, Chapter 7 Trustee of the Estate
of JOSEPH GREENBLATT,                                   Adv. Pro. No.

                          Plaintiff,
         v.

KAREN ROTHSCHILD,

                          Defendant.
---------------------------------------------------------x

## **COMPLAINT**

Roy Babitt, Chapter 7 Trustee (the "Trustee" or the "Plaintiff") of the estate of Joseph Greenblatt (the "Debtor"), by his attorney, Arent Fox LLP, as and for his complaint against defendant Karen Rothschild ("Rothschild" or "Defendant"), respectfully alleges the following:

### **NATURE OF THE ACTION**

1. The Plaintiff demands a money judgment, avoidance and recovery of a fraudulent transfer and other relief resulting from a certain transfer made by the Debtor to

or for the benefit of his sister the Defendant pursuant to 11 U.S.C. §§ 548(a)(1) and N.Y. Debtor & Creditor Law § 273, 274, 275, 276 and 276-A.

2. Specifically, the Plaintiff seeks entry of a judgment against the Defendant pursuant to 11 U.S.C. §§ 548, and 550(a) as well as N.Y. Debtor & Creditor Law §§ 273, 274, 275, 276 and 276-A avoiding, recovering and directing the Defendant to pay the Trustee an amount to be determined at trial that is not less than the amount of the Fraudulent Transfer (defined below), plus interest and costs.

## JURISDICTION AND VENUE

3. The Court has subject matter jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 1331 and 1334.

4. This adversary proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B), (F), and (H).

5. Venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

6. This Court has personal jurisdiction over the Defendant pursuant to Rule 7004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and because the Defendant is a resident of the state of New York.

7. The Trustee brings this adversary proceeding pursuant to Rule 7001 of the Bankruptcy Rules.

## BACKGROUND

8. On November 29, 2005 (the "Petition Date") the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq*. (the "Bankruptcy Code").

9. On January 10, 2006, Ian J. Gazes was appointed chapter 11 trustee (the "Chapter 11 Trustee").

10. On January 30, 2007, the Chapter 11 Trustee filed a Motion to convert the chapter 11 case to a chapter 7 case or in the alternative to dismiss the case.

11. On March 5, 2007, this Court entered an order converting the chapter 11 case to a chapter 7 case.

12. On March 6, 2007, Roy Babitt was appointed Chapter 7 Trustee, has duly qualified and is acting in that capacity.

13. On October 19, 2007, the Court entered an Order authorizing the employment and retention of Arent Fox as counsel to the Trustee.

14. Upon information and belief, the Defendant is the sister of the Debtor and an individual residing in the state of New York.

## STATEMENT OF FACTS

15. In his Declaration under Local Rule 1007-3, annexed to his chapter 11 petition, the Debtor stated that the nature of his business is "[a]cquiring, operating and developing real property and engaging in real estate transactions."

16. The instant case is related to the cases of In re Maywood Capital Corp. et al., Chapter 11 Case No. 05-10987 (RDD) Jointly Administered. The Debtor, a disbarred attorney, was the principal of Maywood Capital Corp. ("Maywood"), which consists of approximately 47 related entities purporting to own real property in New York City (the "Maywood Entities"). The Maywood Entities functioned as part of an overall "Ponzi Scheme" or "Pyramid Scheme" business model, whereby the real properties were over-mortgaged, and said mortgages were rarely recorded. Many of the creditors who thought they held mortgages on the Maywood properties were senior citizens residing in the tri-state area and Florida.

17. In 1995 the Debtor pled guilty to 94 counts of criminal charges in Kings County, New York, in connection with securities fraud. The Debtor was ordered to pay $5 million in restitution in connection with the Brooklyn securities fraud. The Debtor did not fully repay the $5 million.

18. Two weeks after he was indicted in Kings County, the Debtor formed Maywood.

19. In March 2004, the Debtor pled guilty in the United States District Court in Central Islip (the "District Court") to making false and misleading statements on Housing and Urban Development Loan applications.

20. In January 2005, the New Jersey Attorney General's Office and the New Jersey Bureau of Securities filed a securities fraud and racketeering suit in New Jersey state court against the Debtor alleging that (i) the Debtor together with Maywood obtained more than $42 million from over 100 investors, diverting millions to pay their own expenses and (ii) the Debtor bounced 133 checks for $3.1 million. The allegations state that part of the monies that the Debtor fraudulently obtained were used by him, in part, to fund the $5 million restitution ordered by the Kings County court in 1995.

21. The Debtor is currently incarcerated.

22. On July 25, 2003, a transfer in the sum of $200,000.00 (the "Transfer") was made between two checking accounts of Maywood-affiliated companies at Fleet Bank (now Bank of America). On that same day, $125,000.00 was transferred from a Maywood Capital Corp. account (the same account which was the recipient of the Transfer) to the personal account of the Debtor at Fleet. Also on July 25, 2003, the Debtor wrote a $125,000.00 check to Fleet from his personal account (the "Fraudulent

Transfer"). The memo line on that check read "Mongelli & Associates-For Jacob and Karen Rothschild"

23. Upon receipt of the Fraudulent Transfer from the Debtor, Fleet disbursed a cashier's check in the sum of $125,000.00 to Mongelli & Associates. These funds were then held until the closing of the Defendant's new home located at 186-17 Cambridge Road, Jamaica, New York (the "Real Property"), which occurred in or about July or August, 2003. The proceeds of the Fraudulent Transfer were used by the Defendant at the closing as partial payment of the purchase price.

**COUNT I – TO RECOVER
THE FRAUDULENT TRANSFER
PURSUANT TO 11 U.S.C. § 548(a)(1)(B)**

24. The Trustee realleges and incorporates each of the above allegations as if fully set forth herein.

25. Sections 548(a) and 550(a) of the Bankruptcy Code provide for the avoidance and recovery of a transfer to a creditor of an interest of a debtor in property if the transfer is shown to have been "fraudulent" as defined in the statute.

26. The Trustee seeks to avoid and recover the Fraudulent Transfer from the Defendant pursuant to 11 U.S.C. § 548(a).

27. The Debtor made certain transfers of its property to or for the benefit of the Defendant including, but not limited to the Fraudulent Transfer.

28. The Debtor: (a) received less than a reasonably equivalent value in exchange for the Fraudulent Transfer; and (b) was insolvent on the date that the Fraudulent Transfer was made, or became insolvent as a result of the Fraudulent Transfer; or was engaged in a business or transaction, or was about to engage in business

or a transaction, for which any property remaining with the Debtor was an unreasonably small capital; or (c) intended to incur, or believed that the Debtor would incur, debts that would be beyond the Debtor's ability to pay as such debts matured.

29. By reason of the foregoing, the Fraudulent Transfer should be avoided and set aside as fraudulent and the Court should enter judgment directing Defendant to reopen the Fraudulent Transfer, plus interest from the date thereof.

## COUNT II – TO RECOVER THE FRAUDULENT TRANSFER PURSUANT TO 11 U.S.C. § 548(a)(1)(A)

30. The Trustee realleges and incorporates each of the above allegations as if fully set forth herein.

31. Under Section 548(a)(1)(A), a transfer is avoidable if such transfer was made with actual intent to hinder, delay or defraud any entity to which the debtor was or became, on or after the date that such transfer was made or such obligation was incurred, indebted.

32. Upon information and belief, the Fraudulent Transfer made by the Debtor to the Defendant was made with the Debtor's and the Defendant's actual intent to hinder, delay and defraud the Debtor's creditors.

33. The Debtor's and the Defendant's intent to hinder, delay or defraud the Debtor's creditors through the transfers of assets is also evidenced by the "badges of fraud" including, but not limited to the following:

    a) the Debtor received inadequate consideration in return for the Fraudulent Transfer;

b) an unconscionable discrepancy existed between the value of property transferred and the consideration received;

c) upon information and belief, the Debtor and the Defendant failed to engage in any meaningful negotiations, and the Debtor failed to use his negotiating leverage before agreeing to the Fraudulent Transfer;

d) the Fraudulent Transfer consisted of a substantial portion of the Debtor's assets;

e) the Debtor and the Defendant knew or should have known that, as a result of the Fraudulent Transfer, the Debtor's creditors would not be paid;

f) the Debtor was insolvent at the time of the Fraudulent Transfer, or became insolvent shortly thereafter;

g) the Debtor failed to receive reasonably equivalent value in return for the Fraudulent Transfer; and

h) the Fraudulent Transfer occurred shortly before or after the Debtor incurred substantial debt.

34. Accordingly, the Fraudulent Transfer made by the Debtor to the Defendant should be avoided as a fraudulent transfer, and should be recovered and preserved in its entirety for the benefit of the Debtor's estates.

35. By reason of the foregoing, the Fraudulent Transfer should be avoided and set aside as fraudulent and the Court should enter judgment directing Defendant to reopen the Fraudulent Transfer, plus interest from the date thereof.

### COUNT III – TO RECOVER
### THE FRAUDULENT TRANSFER
### PURSUANT TO 11 U.S.C. § 550(a)

36. The Trustee realleges and incorporates each of the above allegations as if fully set forth herein.

37. The Trustee seeks to recover the Fraudulent Transfer from the Defendant pursuant to 11 U.S.C. § 550(a).

38. Upon information and belief, the Defendant was the initial transferee of the Fraudulent Transfer or the immediate or mediate transferee of such initial transferee or the person for whose benefit the Fraudulent Transfer was made.

39. The Trustee is entitled to recover from the Defendant the aggregate sum of the Fraudulent Transfer plus interest thereon from the date of the Fraudulent Transfer to the date of payment and the costs of this action to the extent permitted.

40. By reason of the foregoing, Plaintiff is entitled to the entry of an Order against Defendant: (a) setting aside the Fraudulent Transfer and (b) entering judgment in an amount to be determined at trial, but in no event less than $125,000.00, plus interest thereon, attorneys' fees and costs and disbursements.

### COUNT IV – TO RECOVER THE
### FRAUDULENT TRANSFER PURSUANT
### TO N.Y. DEBTOR & CREDITOR LAW § 273

41. The Trustee realleges and incorporates each of the above allegations as if fully set forth herein.

42. The Debtor transferred the Fraudulent Transfer to the Defendant in violation of Section 273 of the New York Debtor Creditor Law ("DCL").

43. Upon information and belief, the Debtor was insolvent at the time of the Fraudulent Transfer to the Defendant.

44. Upon information and belief, the Fraudulent Transfer was made without reasonably equivalent value or fair consideration, which constitutes, among other things, a fraudulent conveyance in violation of Section 273 of the DCL.

45. Under Sections 544(b) and 550 of the Bankruptcy Code, and Section 273 of the DCL, Plaintiff may avoid the Fraudulent Transfer.

46. By reason of the foregoing, Plaintiff is entitled to the entry of an Order against Defendant: (a) setting aside the Fraudulent Transfer and (b) entering judgment in an amount to be determined at trial, but in no event less than $125,000.00, plus interest thereon, attorneys' fees and costs and disbursements.

## COUNT V – TO RECOVER THE FRAUDULENT TRANSFER PURSUANT TO N.Y. DEBTOR & CREDITOR LAW § 274

47. The Trustee realleges and incorporates each of the above allegations as if fully set forth herein.

48. The Debtor transferred the Fraudulent Transfer to the Defendant in violation of Section 274 DCL.

49. Upon information and belief, the Fraudulent Transfer was made without reasonably equivalent value or fair consideration, which constitutes, among other things, a fraudulent conveyance in violation of Section 274 of the DCL.

50. Upon information and belief, the Fraudulent Transfer was made when the Debtor, was a person who was or had been engaged in business with, *inter alia*, the Maywood Entities.

51. Upon information and belief, the property remaining in the hands of the Debtor after the Fraudulent Transfer was an unreasonably small capital.

52. Under Sections 544(b) and 550 of the Bankruptcy Code, and Section 274 of the DCL, Plaintiff may avoid the Fraudulent Transfer.

53. By reason of the foregoing, Plaintiff is entitled to the entry of an Order against Defendant: (a) setting aside the Fraudulent Transfer and (b) entering judgment in an amount to be determined at trial, but in no event less than $125,000.00, plus interest thereon, attorneys' fees and costs and disbursements.

### COUNT VI – TO RECOVER THE FRAUDULENT TRANSFERS PURSUANT TO N.Y. DEBTOR & CREDITOR LAW § 275

54. The Trustee realleges and incorporates each of the above allegations as if fully set forth herein.

55. Upon information and belief, at the time the Fraudulent Transfer was made, the Debtor had incurred, or was intending to incur, debts beyond his ability to pay them as they became due.

56. Upon information and belief, the Debtor did not receive fair consideration from the Defendant for the Fraudulent Transfer.

57. The Fraudulent Transfer amounts to a fraudulent conveyance of the Debtor's rights, assets and claims in violation of Section 275 of the DCL.

58. Under Sections 544(b) and 550 of the Bankruptcy Code, and Section 275 of the DCL, Plaintiff may avoid the Fraudulent.

59. By reason of the foregoing, Plaintiff is entitled to the entry of an Order against Defendant: (a) setting aside the Fraudulent Transfer and (b) entering judgment in

an amount to be determined at trial, but in no event less than $125,000.00, plus interest thereon, attorneys' fees and costs and disbursements.

### COUNT VII – TO RECOVER THE FRAUDULENT TRANSFERS PURSUANT TO N.Y. DEBTOR & CREDITOR LAW § 276

60. The Trustee realleges and incorporates Paragraphs 1 through 54 as if fully set forth herein.

61. Upon information and belief, the Fraudulent Transfer was made with actual intent to hinder, delay or defraud present or future creditors in violation of Section 276 of the DCL.

62. Under Sections 544(b) and 550 of the Bankruptcy Code, and Section 276 of the DCL, Plaintiff may avoid the Fraudulent Transfer.

63. By reason of the foregoing, Plaintiff is entitled to the entry of an Order against Defendant: (a) setting aside the Fraudulent Transfer and (b) entering judgment in an amount to be determined at trial, but in no event less than $125,000.00, plus interest thereon, attorneys' fees and costs and disbursements.

### COUNT VIII – TO RECOVER THE FRAUDULENT TRANSFERS PURSUANT TO N.Y. DEBTOR & CREDITOR LAW § 276-A

64. The Trustee realleges and incorporates Paragraphs 1 through 58 as if fully set forth herein.

65. Upon information and belief, the Fraudulent Transfer was made with actual intent to hinder, delay or defraud either present or future creditors.

66. Under Sections 544(b) and 550 of the Bankruptcy Code, and Section 276-A of the DCL, Plaintiff may recover his reasonable attorneys' fees in connection with the prosecution of this action.

67. By reason of the foregoing, Plaintiff is entitled to judgment against the Defendant pursuant to Section 276(a) of the DCL, for reasonable attorneys' fees plus interest in an amount to be determined by the Court in connection with the prosecution of this action, and costs and disbursements, or such other amount as may be determined by the Court together with interest.

## COUNT IX – IMPOSITION OF A CONSTRUCTIVE TRUST

68. The Trustee realleges and incorporates Paragraphs 1 through 62 as if fully set forth herein.

69. The Fraudulent Transfer conveyed by the Debtor to the Defendant constitutes a fraudulent conveyance.

70. A constructive trust should be imposed by this Court over the Real Property to the extent that such Real Property was purchased with funds that were fraudulently obtained.

71. The failure to impress a constructive trust over the Real Property will result in an unjust enrichment and/or fraud.

72. The failure to impose a constructive trust will cause substantial prejudice to the Trustee, as he will be left with an adequate remedy at law.

**WHEREFORE**, the Trustee respectfully requests entry of judgment for the Trustee and against the Defendants, as follows:

(a) On the First Count, the Trustee is entitled to the entry of an Order under Sections 548 of the Bankruptcy Code against the Defendant setting aside and reopening the Fraudulent Transfer;

(b) On the Second Count, the Trustee is entitled to the entry of an Order under Sections 548 of the Bankruptcy Code against the Defendant setting aside and reopening the Fraudulent Transfer;

(c) On the Third Count, the Trustee is entitled to the entry of an Order under Sections 550 of the Bankruptcy Code directing the Defendant to return an amount as yet undetermined, but in no event less than $125,000.00, plus interest thereon, attorneys' fees and costs and disbursements to the Debtor's estate;

(d) On the Fourth Count, the Trustee is entitled to the entry of an Order under Sections 544(b) and 550 of the Bankruptcy Code, and Section 273 of the DCL (a) setting aside the Fraudulent Transfer and (b) entering judgment in an amount to be determined at trial, but in no event less than $125,000.00, plus interest thereon, attorneys' fees and costs and disbursements;

(e) On the Fifth Count, the Trustee is entitled to the entry of an Order under Sections 544(b) and 550 of the Bankruptcy Code, and Section 274 of the DCL (a) setting aside the Fraudulent Transfer and (b) entering judgment in an amount to be determined at trial, but in no event less than $125,000.00, plus interest thereon, attorneys' fees and costs and disbursements;

(f) On the Sixth Count, the Trustee is entitled to the entry of an Order under Sections 544(b) and 550 of the Bankruptcy Code, and Section 275 of the DCL (a) setting aside the Fraudulent Transfer and (b) entering judgment in an amount to be

determined at trial, but in no event less than $125,000.00, plus interest thereon, attorneys' fees and costs and disbursements;

(g) On the Seventh Count, the Trustee is entitled to the entry of an Order under Sections 544(b) and 550 of the Bankruptcy Code, and Section 276 of the DCL, (a) setting aside the Fraudulent Transfer and (b) entering judgment in an amount to be determined at trial, but in no event less than $125,000.00, plus interest thereon, attorneys' fees and costs and disbursements;

(h) On the eighth Count, the Trustee is entitled to the entry of an Order under Sections 544(b) and 550 of the Bankruptcy Code, and Section 276-A of the DCL, entering judgment against the Defendant, for reasonable attorneys' fees in an amount to be determined by the Court in connection with the prosecution of this action, and costs and disbursements, or such other amount as may be determined by the Court;

(i) On the ninth Count, the Trustee is entitled entry of an Order establishing a constructive trust over the Real Property; and

(j) For such other and further relief as the Court deems just and proper.

Dated: New York, New York
  March 6, 2008

                                                ARENT FOX LLP
                                                Attorney for Roy Babitt, Chapter 7 Trustee

                                                By: _/S/ Schuyler Carroll_____
                                                    Schuyler G. Carroll (SC-1234)
                                                    Robert J. Nahoum (RN-4907)
                                                    1675 Broadway
                                                    New York, NY 10019
                                                    (212) 484-3900
                                                    (212) 484-3990