UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

In re

JOSEPH GREENBLATT,

                                    Debtor.

-------------------------------------------------------x

Chapter 7
Case No. 05-60142 (RDD)

### NOTICE OF MOTION FOR AN ORDER GRANTING RELIEF FROM THE AUTOMATIC STAY TO ALLOW SERVICE OF THE SUMMONS AND COMPLAINT ON THE DEFENDANTS

**PLEASE TAKE NOTICE** that a hearing will be held before the Honorable Robert D.

Drain, United States Bankruptcy Judge, at the United States Bankruptcy Court, 300 Quarropas

Street, White Plains, New York 10601-4140, on March 11, 2010 at 10:00 a.m. or as soon

thereafter as counsel can be heard, to consider the motion (the "Motion") of John S. Pereira, in

his capacity as post-confirmation Chapter 11 Trustee of Maywood Capital Corp. and its affiliated

Debtors: (a) for an order granting relief from the automatic stay to: (i) allow for the service of

the summons and complaint on the defendants in the adversary proceeding entitled John S.

Pereira, as post-confirmation Chapter 11 Trustee of Maywood Capital Corp. v. Joseph Greenblatt

and Roy Babbitt, as Chapter 7 Trustee for the estate of Joseph Greenblatt, Adv. Pro. No. 10-

02872 (RDD), which adversary proceeding has been filed in the Chapter 11 proceedings of In re:

Maywood Capital Corp., et al., Case No. 05-10987 (RDD), and (ii) authorize the Trustee to

amend the complaint as of right prior to serving it on the defendants; and (b) thereafter staying

the adversary proceeding.

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the Motion must (a) be

in writing, (b) comply with the Federal Rules of Bankruptcy Procedure, (c) set forth the factual

and legal basis for the objections, and (d) filed with the Court (with a courtesy copy delivered directly to the Chambers of the Honorable Robert D. Drain, United States Bankruptcy Judge, United States Bankruptcy Court, 300 Quarropas Street, White Plains, New York 10601-4140, and be served upon: Gibbons P.C., counsel to the Chapter 11 Trustee, One Pennsylvania Plaza, 37th Floor, New York, New York 10119 (Attention: John P. Campo, Esq.) and the Office of the United States Trustee, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attention: Gregory Zipes, Esq.), so as to be received by 4:00 P.M. (New York time) on March 4, 2010.

Dated: New York, New York
February 23, 2010

**GIBBONS P.C.**


By: _s/John P. Campo_
       John P. Campo
       Jeffrey S. Berkowitz
       One Pennsylvania Plaza,
       37th Floor
       New York, New York 10119
       Tel.: (212) 613-2000

*Attorneys for John S. Pereira, in his capacity as the post-confirmation Chapter 11 Trustee of Maywood Capital Corp. and its affiliated Debtors*

#1474847 v1
108854-65312

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------x

In re

JOSEPH GREENBLATT,

                            Debtor.

---------------------------------------------------------x

Chapter 7
Case No. 05-60142 (RDD)


### MOTION FOR AN ORDER GRANTING RELIEF FROM THE AUTOMATIC STAY TO ALLOW SERVICE OF THE SUMMONS AND COMPLAINT ON THE DEFENDANTS


**TO THE HONORABLE ROBERT D. DRAIN**
**UNITED STATES BANKRUPTCY JUDGE:**

John S. Pereira (the "Trustee"), as the post-confirmation Chapter 11 Trustee of Maywood Capital Corp. and its affiliated debtors (the "Maywood Debtors"), hereby moves (the "Motion") pursuant to sections 362 and 105(a) of title 11 of the United States Code (the "Bankruptcy Code"), Federal Rule of Civil Procedure 4(m), and Federal Rule of Bankruptcy Procedure 7004(a)(1): (a) for an order granting relief from the automatic stay to: (i) allow for the service of the summons and complaint on the defendants in the adversary proceeding entitled John S. Pereira, as post-confirmation Chapter 11 Trustee of Maywood Capital Corp. v. Joseph Greenblatt and Roy Babbitt, as Chapter 7 Trustee for the estate of Joseph Greenblatt, Adv. Pro. No. 10-02872 (RDD), which adversary proceeding has been filed in the Chapter 11 proceedings of In re: Maywood Capital Corp., et al., Case No. 05-10987 (RDD), and (ii) authorize the Trustee to amend the complaint as of right prior to serving it on the defendants; and (b) thereafter staying the adversary proceeding, and respectfully submits as follows:

# BACKGROUND

1.      On February 19, 2010, the Trustee, on behalf of all of the Maywood Debtors,[1]

filed an adversary proceeding (the "Complaint") against Joseph Greenblatt ("Greenblatt") and

Roy Babbitt, in his capacity as the Chapter 7 Trustee for Joseph Greenblatt's bankruptcy estate

(the "Greenblatt Trustee"), in the jointly administered bankruptcy proceedings pending under the

caption In re: Maywood Capital Corp., et al., Case Number 05-10987 (RDD).  The Complaint is

an outgrowth of the actions taken by Greenblatt in his capacity as an officer and director of the

Maywood Debtors, seeks to avoid and recover fraudulent conveyances of property and

preferences, seeks damages for conversion and for breach of fiduciary duties, and seeks other

damages and relief due and owing to the Maywood Debtors.

2.      On February 19, 2010, the Trustee also filed a proof of claim against Greenblatt in

his bankruptcy case.  The proof of claim has been assigned claim number 26.

3.      The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and

1334.  This is a core proceeding pursuant to 28 U.S.C. § 157 (b)(2).  Venue is proper before this

Court pursuant to 28 U.S.C. §§ 1408 and 1409.

4.      The Trustee is the duly appointed post-confirmation Chapter 11 Trustee of the

Maywood Debtors' estates pursuant to orders entered by the Bankruptcy Court, and brings this

action on behalf of all of the Maywood Debtors.

---

[1]  The Post-Confirmation Debtors are 544 West 160th Street Apartments Corp., 1055 Herkimer Ave Realty Corp., 108 West 130 Street Realty
Corp, 11 Brooklyn Ave Realty Corp, 113 Blake Ave Realty Corp., 121 West 122nd Street Corp, 1230 Franklin Ave Realty Corp., 133 Suydam
Street Realty Corp., 135 Suydam St. Realty Corp., 148 West 124th St. Realty Corp., 161 Hull St. Realty Corp., 164 Central Ave Realty Corp.,
173 Utica Ave Realty Corp., 18 West 129th St. Realty Corp., 190-01 to 190-13 Hollis Av Realty Corp., 2006 Honeywell Ave. Realty, 2035-2037
Seventh Avenue Realty Corp., 2093 Madison Avenue Realty Corp., 216 Edgecombe Ave Realty Corp., 2278 Eighth Ave Realty Corp., 243 East
118th Street Realty Corp., 27 East 131st Street Realty Corp., 304-306 West 133rd Street Realty Corp., 308 West 127th Street Realty Corp., 313
East 140th Street Realty Corp., 452 West 150th Street Realty Corp., 459 West 147th Street Realty LLC, 49-51 & 55-57 Wyona St. Realty Corp.,
510 West 159th Street Realty Corp., 515 W 148th Realty Corp., 522 East 148 St. Realty Corp., 535 West 147 St. Realty Corp., 536 West 149th St
Realty Corp., 559 West 185th Street. St. Realty Corp., 6 East 132nd St. Apt Corp., 65-67 East 125th Street Realty Corp., 77 East 125th Street
Realty LLC, 79 East 125th Street Realty LLC, 883 Cauldwell Ave Realty Corp., 917 Eagle Ave. Realty Corp., 942 Atlantic Ave Realty Corp.,
957 St. Nicholas Ave Realty Corp., Maywood Management Corp., Maywood Consolidated Properties, Inc., Maywood Capital Corp., Tumblers,
Inc., Tumblers 11 Inc. and 142 West 139th Street Realty LLC.

#1474848 v2
108854-65312

## a. **The Maywood Capital Corp. Proceedings**

5.     The first Maywood Debtor filed for bankruptcy protection on November 2, 2004, when 544 West 160th Street Apartments Corp. filed a voluntary petition for relief under Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court").  The case is docketed as Case No. 04-17047 (RDD).

6.     On February 19, 2005, Maywood Capital Corp. and forty-three additional related debtors filed voluntary Chapter 11 petitions in this Court, which cases were assigned Case Nos. 05-10944 through 05-10987 (RDD).

7.     On March 10, 2005, two additional related debtors (Tumblers, Inc. and Tumblers II, Inc.) filed voluntary Chapter 11 petitions in the Bankruptcy Court, which cases were assigned Case Nos. 05-11521 (RDD) and 05-11523 (RDD).

8.     On March 23, 2005, the Bankruptcy Court ordered the joint administration of the forty-seven cases of the above-referenced debtors (collectively, the "Maywood Debtors").

9.     On March 24, 2005, John S. Pereira was appointed as the Chapter 11 Trustee of the Maywood Debtors.

10.     On September 12, 2005, 142 West 139th St. Realty LLC, an additional related debtor, filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.  By order dated August 28, 2006, that debtor's case was procedurally consolidated for joint administration with the other Chapter 11 Cases (the "Maywood Debtors"), and by order dated September 15, 2006, the Trustee was appointed as Chapter 11 Trustee of that case as well.

#1474848 v2
108854-65312

11. On December 14, 2009, the Trustee's First Amended Plans were confirmed. Pursuant to the Plans and the Orders confirming the Plans, the Trustee is the post-confirmation Trustee for the Maywood Debtors' estates.

**b. The Greenblatt Related Bankruptcies**

12. Greenblatt filed for bankruptcy protection on November 29, 2005 under Chapter 11 of the Bankruptcy Code. On March 5, 2007, Greenblatt's bankruptcy case was converted to a Chapter 7 proceeding, and Roy Babitt was appointed as Greenblatt's Chapter 7 Trustee.

13. On December 8, 2005, Greenblatt's wife, Alexandra Horvath ("Horvath"), filed a voluntary petition under Chapter 11 of the Bankruptcy Code. Horvath's case was converted to a case under Chapter 7 on March 31, 2006. On April 3, 2006, Ian Gazes was appointed as the Chapter 7 Trustee for Horvath (the "Horvath Trustee").

14. On December 6, 2005, Max Greenblatt ("Max"), the father of Joseph Greenblatt, filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. On March 31, 2006, Max Greenblatt's case was converted to a case under Chapter 7, and on April 3, 2006, Gregory Messer was appointed as the Chapter 7 Trustee for Max (the "Max Trustee").

**c. The Trustee's Claims Against Greenblatt**

15. Prior to their bankruptcy filing and the appointment of the Trustee, the Maywood Debtors were controlled by Greenblatt. Greenblatt acted as an officer, director, or agent for, and controlled, the Maywood Debtors.

16. The Complaint alleges that Greenblatt misused his control of the Maywood Debtors, in violation of his fiduciary duty, to conduct a Ponzi scheme through the Maywood

#1474848 v2
108854-65312

Debtors, to defraud over one hundred individuals (the "Maywood Investors") of millions of dollars. As a result of these actions, Greenblatt subjected the Maywood Debtors to restitution claims that were fixed in the Maywood Debtors' bankruptcy cases as not less than $19,366,703.86. A copy of the Complaint is attached to this Motion as Exhibit A.

17. In addition, the Complaint alleges that Greenblatt fraudulently diverted millions of dollars from the Maywood Debtors to pay his and his family's living expenses and personal obligations, including approximately $2 million in criminal restitution that Greenblatt was required to pay by virtue of his conviction of a prior fraud in the New York Supreme Court for Kings County.

18. As detailed in the Maywood Debtors' books and records, and the Maywood Debtors' bankruptcy schedules, Greenblatt is liable to the Maywood Debtors for "loans" or "advances" totaling not less than $5,950,480.59 that the Trustee is entitled to recover for the Maywood Debtors' estates. These "loans" and "advances" are also recoverable as fraudulent conveyances. The Complaint seeks to recover these sums.

19. According to Maywood Capital's bankruptcy schedules, Greenblatt also received payments on account of antecedent debt of not less than $404,482.50 during the one year period prior to the bankruptcy. Accordingly, the Complaint seeks to recover these payments as a preference.

20. The Trustee also asserts in the Complaint a general unsecured claim in amounts presently unknown and unliquidated to recover (a) any and all additional damages resulting to the Maywood Debtors' estates from Greenblatt's breaches of fiduciary duty or misfeasance as an officer or agent of the Maywood Debtors and (b) any and all additional funds and assets of the

#1474848 v2
108854-65312

Maywood Debtors that were transferred to or for the benefit of Greenblatt, either fraudulently, preferentially or without adequate consideration.

### d. **The Tolling Stipulations**

21.     Beginning in February 2007, the Trustee, the Greenblatt Trustee, the Horvath Trustee, and the Max Trustee (collectively, the "Trustees") began entering into a series of Tolling Stipulations (the "Tolling Stipulations") that extended the deadline for the Trustees to bring inter-debtor actions pursuant to sections 108(a), 546(a), and 549(d) of the Bankruptcy Code.  The most recent Tolling Stipulation had extended the deadline (the "Extended Deadline") through February 19, 2010.

22.     While the Trustee believes that the Tolling Stipulations were unnecessary in light of the tolling principles associated with the automatic stay, he entered into the Tolling Stipulations out of an abundance of caution so that there would be no dispute as and between the Trustees as to when the applicable statutes of limitations expired.  As set forth in the recitals to those Tolling Stipulations, the Trustees also believed that entering into the Tolling Stipulations would avoid potentially unnecessary costs and expenses associated with the investigation and/or the filing of any potential inter-debtor actions or proceedings.

23.     In February 2010, the Trustee sought a further extension of the Extended Deadline.  The Horvath Trustee and the Max Trustee agreed to the extension of the Extended Deadline, and have entered into another tolling stipulation with the Trustee.  The Greenblatt Trustee, however, refused to agree to a request for an additional extension.

24.     Moreover, in the Trustee's discussions with the Greenblatt Trustee, the Greenblatt Trustee took the position that the automatic stay did not preclude the commencement of actions

#1474848 v2
108854-65312

against Greenblatt and his estate, but rather only prevented their prosecution. Furthermore, the Greenblatt Trustee advised the Trustee that it was his position that if the Trustee did not commence any action he may have by the Extended Deadline, the Trustee's claims against Greenblatt and his estate would be barred by the statute of limitations.

25.     In light of (a) the Greenblatt Trustee's refusal to enter into a further extension of the Extended Deadline, and (b) the Greenblatt Trustee's position that the statute of limitations would expire at the Extended Deadline, the Trustee, out of an abundance of caution, and in an effort to protect the interests of the Maywood Investors against the Greenblatt Trustee's argument that the Trustee's claims were barred by the statue of limitations, filed the Complaint that he now seeks relief from the automatic stay to serve on the Defendants. In addition, the Trustee has filed a proof of claim in Greenblatt's estate, which the Complaint is intended to supplement and support.

## **ARGUMENT**

26.     It is well settled that a court's jurisdiction over a defendant in a lawsuit stems from not only the filing of a complaint, but also from service of that complaint, along with the required summons, on the defendant. Federal Rule of Civil Procedure 4(m), which is applicable to bankruptcy adversary proceedings pursuant to Federal Rule of Bankruptcy Procedure 7004(a)(1), requires that the service of the summons and complaint be completed within 120 days of the filing of the complaint. Rule 4(m) also states that the Court must dismiss the action without prejudice if the complaint is not served within the 120 day period unless the plaintiff can demonstrate good cause for the failure to complete service.

#1474848 v2
108854-65312

27. Because service of a summons and complaint is prohibited by the terms of the automatic stay found in §362(a)(1), the Trustee's efforts to protect the interests of the Maywood Investors by filing the Complaint could be rendered meaningless unless the Trustee is also given relief from the automatic stay to serve the Complaint on Greenblatt and the Greenblatt Trustee.

28. There should be no dispute that the Court has the inherent power to authorize the limited relief from the automatic stay that the Trustee seeks. As a threshold matter, the Trustee currently does not intend to prosecute the Complaint after it is served on the defendants, and is requesting that the adversary proceeding with respect to the Complaint be stayed after the Complaint is served on the defendants. The Complaint was filed solely as a protective measure to ensure that neither the Greenblatt Trustee or Greenblatt could subsequently argue that the statute of limitations for the claims found in the Complaint had expired.

29. The protection stemming from the filing of the Complaint, however, could be rendered moot if service of the summons and complaint is not completed within the 120 day time frame required by Fed. R. Civ. Pro. 4(m). Given the Greenblatt Trustee's position that the Complaint had to be filed by February 19, 2010 to satisfy the statute of limitations, failure to serve the Complaint by June 21, 2010 will effectively result in a with prejudice dismissal if the Greenblatt Trustee's position regarding the expiration of the statute of limitations is somehow proven to be correct.[2]

30. The Trustee is also concerned that either Greenblatt or the Greenblatt Trustee will take the position that the service of the Complaint constitutes prosecution of the action in violation of the automatic stay.

---

[2] The 120th day for service falls on Saturday, June 19, 2010. Pursuant to Federal Rule Civ. Pro. 6(a)(1)(C), the deadline for completing service is extended to the following Monday, which is June 21, 2010.

#1474848 v2
108854-65312

31.     The Trustee also seeks relief from the automatic stay to amend the Complaint prior to its being served on Greenblatt and the Greenblatt Trustee.  While the Trustee believes that the Complaint has been properly pled, it was prepared at the last minute because of the Greenblatt Trustee's refusal to extend the Extended Deadline.  Fed. R. Civ. P. 15 and Fed. R. Bankr. P. 7015 authorize such an amendment as a matter of course.  The Trustee, however, is concerned that filing an amended complaint could be deemed prosecution of the action.  Accordingly, the Trustee is requesting the Court's permission to file an amended complaint prior to its service.

32.     Under the circumstances, the Trustee believes that it is appropriate for this Court to grant the Trustee relief from the automatic stay for the limited purpose of serving the summons and Complaint on Greenblatt and the Greenblatt Trustee after making any amendments that may be necessary.  The proceedings relating to the Complaint can then be stayed.  The Trustee also submits that the relief he is seeking is appropriate in light of the provision in Rule 4(m) that expressly states that "the court must extend the time for service for an appropriate period" if the plaintiff shows good cause for failure to complete service.  The Trustee submits that while requesting an indefinite extension of the time to serve the summons and complaint would also be appropriate, it is more efficient to obtain relief from the automatic stay at this juncture for the limited purpose of completing service on the defendants.  The Trustee submits that this request is consistent with the provisions of Fed. Rule Civ. Pro. 4(m), and this Court's inherent power under Section 105(a) of the Bankruptcy Code to "to issue any order, process or judgment that is necessary to carry out the provisions of this title."

33.     No previous request for the relief sought herein has been made by the Trustee.

#1474848 v2
108854-65312

**WHEREFORE**, the Trustee respectfully requests that the motion be granted.

Dated: New York, New York
       February 23, 2010

                              **GIBBONS P.C.**

By:   s/John P. Campo
        John P. Campo
        Jeffrey S. Berkowitz
        One Pennsylvania Plaza,
        37th Floor
        New York, New York 10119
        Tel.: (212) 613-2000

*Attorneys for John S. Pereira, in his capacity as the post-confirmation Chapter 11 Trustee of Maywood Capital Corp. and its affiliated Debtors*

#1474848 v2
108854-65312

# EXHIBIT A

#1474848 v2
108854-65312

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- x

In re                                              : Chapter 11
                                                   :
MAYWOOD CAPITAL CORP., *et al.*,                   : Case No. 05-10987 (RDD)
                                                   :
                                                   : (Jointly Administered)
            Post-Confirmation Debtors.             : Case Nos. 04-17047, 05-10944 to 05-
                                                   : 10987, 05-11521 and 05-11523 and
                                                   : 05-17778 (RDD)
                                                   :
------------------------------------------------------------- x

JOHN S. PEREIRA, as Post-Confirmation             :
Chapter 11 Trustee of Maywood Capital Corp.,      :
*et al.*,                                          :
                                                   : Adv. Pro. No. 10-02872 (RDD)
            Plaintiff                              :
vs.                                                :
                                                   :
JOSEPH GREENBLATT and                             :
ROY BABITT, as Chapter 7 Trustee for the estate   :
of Joseph Greenblatt,                             :
                                                   :
            Defendants.                            :
                                                   :
------------------------------------------------------------- x

## COMPLAINT

Plaintiff, John S. Pereira, in his capacity as the post-confirmation Chapter

11 Trustee (the "Trustee" or "Plaintiff") of Maywood Capital Corp., and its affiliated

debtors (the "Maywood Debtors"), by and through his counsel, Gibbons P.C., as and for

his Complaint against the above-captioned defendants, respectfully alleges as follows:

1.      This is an action to avoid and recover fraudulent conveyances of property

and preferences, for damages of conversion and for breach of fiduciary duties, and for

other relief due to the Maywood Debtors.

## PARTIES

2.     The Trustee is the duly appointed post-confirmation Chapter 11 Trustee of the Maywood Debtors' estates pursuant to orders entered by the Bankruptcy Court.

3.     The Trustee brings this action on behalf of all of the Maywood Debtors.[1]

4.     Upon information and belief, defendant Joseph Greenblatt ("Greenblatt") is an individual, and is currently incarcerated at the Ulster Correctional Facility located at 750 Berme Road, P.O. Box 800, Napanoch, New York 12458-0800. Greenblatt filed for bankruptcy protection on November 29, 2005 under chapter 11 of the Bankruptcy Code. On March 5, 2007, Greenblatt's bankruptcy case was converted to a chapter 7 proceeding, and Roy Babitt was appointed as Greenblatt's Chapter 7 Trustee.

5.     Roy Babitt is the duly appointed Chapter 7 Trustee of Greenblatt's estate, and is named as a Defendant herein solely in his capacity as the Trustee of Greenblatt's estate (the "Greenblatt Trustee").

## JURISDICTION AND VENUE

6.     The jurisdiction of this Court is founded upon 28 U.S.C. § 1334(b) and the "Standing Order of Referral of Cases to Bankruptcy Judges" of the United States District Court for the Southern District of New York, dated July 10, 1984 (Ward, Acting C.J.).

---

[1] The Post-Confirmation Debtors are 544 West 160th Street Apartments Corp., 1055 Herkimer Ave Realty Corp., 108 West 130 Street Realty Corp, 11 Brooklyn Ave Realty Corp, 113 Blake Ave Realty Corp., 121 West 122nd Street Corp, 1230 Franklin Ave Realty Corp., 133 Suydam Street Realty Corp., 135 Suydam St. Realty Corp., 148 West 124th St. Realty Corp., 161 Hull St. Realty Corp., 164 Central Ave Realty Corp., 173 Utica Ave Realty Corp., 18 West 129th St. Realty Corp., 190-01 to 190-13 Hollis Av Realty Corp., 2006 Honeywell Ave. Realty, 2035-2037 Seventh Avenue Realty Corp., 2093 Madison Avenue Realty Corp., 216 Edgecombe Ave Realty Corp., 2278 Eighth Ave Realty Corp., 243 East 118th Street Realty Corp., 27 East 131st Street Realty Corp., 304-306 West 133rd Street Realty Corp., 308 West 127th Street Realty Corp., 313 East 140th Street Realty Corp., 452 West 150th Street Realty Corp., 459 West 147th Street Realty LLC, 49-51 & 55-57 Wyona St. Realty Corp., 510 West 159th Street Realty Corp., 515 W 148th Realty Corp., 522 East 148 St. Realty Corp., 535 West 147 St. Realty Corp., 536 West 149th St Realty Corp., 559 West 185th Street. St. Realty Corp., 6 East 132nd St. Apt Corp., 65-67 East 125th Street Realty Corp., 77 East 125th Street Realty LLC, 79 East 125th Street Realty LLC, 883 Cauldwell Ave Realty Corp., 917 Eagle Ave. Realty Corp., 942 Atlantic Ave Realty Corp., 957 St. Nicholas Ave Realty Corp., Maywood Management Corp., Maywood Consolidated Properties, Inc., Maywood Capital Corp., Tumblers, Inc., Tumblers 11 Inc. and 142 West 139th Street Realty LLC.

2

7. This adversary proceeding is a core proceeding pursuant to Sections 157(a) and 157(b) of Title 28 of the United States Code because this adversary proceeding arises in or under the Chapter 11 case of the Debtors, including Maywood Capital Corp., now pending in the United States Bankruptcy Court for the Southern District of New York.

8. Venue of this proceeding in this Court is proper pursuant to § 1409(a) of Title 28 of the United States Code because this adversary proceeding is one arising in or under a case under the Bankruptcy Code.

9. This adversary proceeding is commenced pursuant to sections 544, 547, 548, 550, and 551 of the Bankruptcy Code, Federal Rules of Bankruptcy Procedure 7001 and 7003, and New York Debtor and Creditor Law §§ 273, 274, 275, and 276, to avoid and recover fraudulent conveyances of property and preferences, for damages of conversion and for breach of fiduciary duties, and for other relief due to the Maywood Debtors.

## BACKGROUND

10. On November 2, 2004, 544 West 160th Street Apartments Corp., one of the debtors in these jointly administered Chapter 11 cases, filed a voluntary petition for relief under Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), which case was assigned Case No. 04-17047 (RDD).

11. On February 19, 2005, Maywood Capital Corp. and forty-three additional related debtors filed voluntary Chapter 11 petitions in this Court, which cases were assigned Case Nos. 05-10944 through 05-10987 (RDD).

3

12. On March 10, 2005, two additional related debtors (Tumblers, Inc. and Tumblers II, Inc.) filed voluntary Chapter 11 petitions in the Bankruptcy Court, which cases were assigned Case Nos. 05-11521 (RDD) and 05-11523 (RDD).

13. On March 23, 2005, the Bankruptcy Court ordered the joint administration of the forty-seven cases of the above-referenced debtors (collectively, the "Maywood Debtors").

14. On September 12, 2005, 142 West 139th St. Realty LLC, an additional related debtor, filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. By order dated August 28, 2006, that debtor's case was procedurally consolidated for joint administration with the other Chapter 11 Cases (the "Maywood Debtors").

15. On December 14, 2009, the Trustee's First Amended Plans were confirmed. Pursuant to the Plans and the Orders confirming them, the Trustee is acting as post-confirmation Trustee for the Maywood Debtors estates.

16. Prior to their bankruptcy filing and the appointment of the Trustee, the Maywood Debtors were controlled by Greenblatt. Greenblatt acted as an officer, director, or agent for, and controlled, the Maywood Debtors.

17. Greenblatt misused his control of the Maywood Debtors, in violation of his fiduciary duty, to conduct a Ponzi scheme through the Maywood Debtors, to defraud over one hundred individuals (the "Maywood Investors") of millions of dollars. As a result of these actions, Greenblatt subjected the Maywood Debtors to restitution claims that were fixed in the Maywood Debtors' bankruptcy cases as not less than $19,366,703.86.

4

18.    In addition, Greenblatt fraudulently diverted millions of dollars from the Maywood Debtors to pay his and his family's living expenses and personal obligations, including approximately $2 million in criminal restitution that Greenblatt was required to pay by virtue of his conviction of a prior fraud in the New York Supreme Court for Kings County.

19.    As detailed in the Maywood Debtors' books and records, and the Maywood Debtors' bankruptcy schedules, Greenblatt is liable to the Maywood Debtors for "loans" or "advances" totaling not less than $5,950,480.59 that the Trustee is entitled to recover for the Maywood Debtors estates. These "loans" and "advances" are also recoverable as fraudulent conveyances (hereinafter the "Transfers").

20.    According to Maywood Capital's bankruptcy schedules, Greenblatt also received payments on account of antecedent debt of not less than $404,482.50 during the one year period prior to the bankruptcy.

21.    The Trustee also asserts a general unsecured claim in amounts presently unknown and unliquidated to recover (a) any and all additional damages resulting to the Maywood Debtors' estates from Greenblatt's breaches of fiduciary duty or misfeasance as an officer or agent of the Maywood Debtors and (b) any and all additional funds and assets of the Maywood Debtors that were transferred to or for the benefit of Greenblatt, either fraudulently, preferentially or without adequate consideration.

22.    The Trustee and the Greenblatt Trustee had previously entered into Tolling Stipulations (the "Tolling Stipulations") which have to date extended the deadline through and including February 19, 2010 (the "Extended Deadline").

#1474710 v5
108854-65310

23.     The Trustee has requested that the Greenblatt Trustee further extend the Extended Deadline, but the Greenblatt Trustee has refused to do so. The Greenblatt Trustee also taken the position that if the Trustee did not commence an avoidance action by the Extended Deadline, the Trustee's claims against Greenblatt and his estate would be barred by the statute of limitations.

24.     While the Trustee disagrees with that position, he is filing this complaint to protect the interests of the Maywood Debtors and preserve the claims set forth in this complaint. In addition, the Trustee has filed a proof of claim in the Greenblatt estate and will file this complaint as a supplement and as back up to that proof of claim.

## FIRST CLAIM FOR RELIEF

### (Amounts Due and Owing)

25.     The Trustee repeats and realleges each and every allegation contained in paragraphs 1 through 24 above as if fully set forth at length.

26.     As of the date of this Complaint, the Maywood Debtors books and records reflect that Greenblatt and his estate owe the Maywood Debtors' on account of "loans" or "advances" no less than $5,950,480.59.

27.     Greenblatt and his estate have not paid the Trustee any portion of this amount.

## SECOND CLAIM FOR RELIEF

### (Action to Avoid Fraudulent Conveyance and Preserve Same for the Benefit of the Estate Pursuant to Bankruptcy Code Sections 548(a)(1)(A), 550, and 551)

28.     The Trustee repeats and realleges each and every allegation contained in paragraphs 1 through 27 above as if fully set forth at length.

#1474710 v5
108854-65310

29. Greenblatt made the Transfers with actual intent to hinder, delay, or defraud entities to which the Maywood Debtors were, or became indebted, on or after the date that the Transfers were made or such obligations were incurred.

30. By reason of the foregoing, to the extent the Transfers were made within one year of the Maywood Debtors petitions, the Trustee is entitled to Judgment pursuant to Bankruptcy Code §§ 548(a)(1)(A), 550(c), and 551: (a) avoiding and preserving the Transfers and (b) directing the Transfers to be set aside.

## THIRD CLAIM FOR RELIEF

**(Action to Avoid Fraudulent Conveyance and Preserve Same for the Benefit of the Estate Pursuant to Bankruptcy Code Sections 548(a)(1)(B), 550, and 551)**

31. The Trustee repeats and realleges each and every allegation contained in paragraphs 1 through 30 above as if fully set forth at length.

32. The Maywood Debtors did not receive fair consideration for the Transfers.

33. The combined total of the Transfers made within one year of the petition was $404,482.50.

34. At the time of the Transfers, the Maywood Debtors: (a) were insolvent or, in the alternative, the Maywood Debtors became insolvent as a result of the Transfers, (b) were engaged in business or a transaction, or was about to engage in business or a transaction, for which the property remaining with the Maywood Debtors after the Transfers were effectuated constituted unreasonably small capital, or, alternatively, (c) at the time the Transfers were made, intended to incur, or believed that it would incur, debts that would be beyond the Maywood Debtor's ability to pay as they matured.

#1474710 v5
108854-65310

35. The Maywood Debtors received no equivalent value in exchange for the Transfers or, in the alternative, less than reasonably equivalent value in exchange for the Transfers.

36. By reason of the foregoing, to the extent the Transfers were made within one year of the Maywood Debtors petitions, the Trustee is entitled to a judgment pursuant to Bankruptcy Code §§ 548(a)(1)(B), 550(a), and 551: (a) avoiding and preserving the Transfers and (b) directing that the Transfers to be set aside.

## FOURTH CLAIM FOR RELIEF

**(Action to Avoid Fraudulent Conveyance and Preserve Same for the Benefit of the Estate Pursuant to New York Debtor and Creditor Law Section 273 and Bankruptcy Code Sections 544, 550, and 551)**

37. The Trustee repeats and realleges each and every allegation contained in paragraphs 1 through 36 above as if fully set forth at length.

38. The Maywood Debtors did not receive fair consideration for the Transfers.

39. At the time of the Transfers, the Maywood Debtors were insolvent or, in the alternative, the Maywood Debtors became insolvent as a result of the Transfers.

40. The Transfers constituted a fraudulent conveyance in violation of New York Debtor and Creditor Law § 273.

41. By reason of the foregoing, the Trustee is entitled to a judgment pursuant to New York Debtor and Creditor Law § 273 and 11 U.S.C. §§ 544(b), 550, and 551: (a) avoiding and preserving the Transfers and (b) directing that the Transfers be set aside.

#1474710 v5
108854-65310

## FIFTH CLAIM FOR RELIEF

**(Action to Avoid Fraudulent Conveyance and Preserve Same for the Benefit of the Estate Pursuant to New York Debtor and Creditor Law Section 274 and Bankruptcy Code Sections 544, 550, and 551)**

42.     The trustee repeats and realleges each and every allegation contained in paragraphs 1 through 41 above as if fully set forth at length.

43.     The Maywood Debtors did not receive fair consideration for the Transfers.

44.     At the time the Maywood Debtors made the Transfers, the Maywood Debtors were engaged or about to engage in a business or transaction for which the property remaining in its hands after the Transfers was an unreasonably small capital.

45.     The Transfers constituted a fraudulent conveyance in violation of New York Debtor and Creditor Law § 274.

46.     By reason of the foregoing, pursuant to New York Debtor and Creditor Law § 274 and 11 U.S.C. §§ 544(b), 550, and 551, the Trustee is entitled to a judgment: (a) avoiding and preserving the Transfers and (b) directing that the Transfers be set aside.

## SIXTH CLAIM FOR RELIEF

**(Action to Avoid Fraudulent Conveyance and Preserve Same for the Benefit of the Estate Pursuant to New York Debtor and Creditor Law Section 275 and Bankruptcy Code Sections 544, 550, and 551)**

47.     The Trustee repeats and realleges each and every allegation contained in paragraphs 1 through 46 above as if fully set forth at length.

48.     The Maywood Debtors did not receive fair consideration for the Transfers.

49.     At the time of the Transfers, the Maywood Debtors incurred, were intending to incur, or believed that it would incur debts beyond its ability to pay them as they mature.

#1474710 v5
108854-65310

50. The Transfers constituted a fraudulent conveyance in violation of New York Debtor and Creditor Law § 275.

51. By reason of the foregoing, pursuant to New York Debtor and Creditor Law § 275 and 11 U.S.C. §§ 544(b), 550, and 551, the Trustee is entitled to a judgment (a) avoiding and preserving the Transfers and (b) directing that the Transfers be set aside.

## SEVENTH CLAIM FOR RELIEF

### (Action to Avoid Fraudulent Conveyance and Preserve Same for the Benefit of the Estate Pursuant to New York Debtor and Creditor Law Section 276 and Bankruptcy Code Sections 544, 550, and 551)

52. The Trustee repeats and realleges each and every allegation contained in paragraphs 1 through 51 above as if fully set forth at length.

53. Greenblatt made the transfers with actual intent to hinder, delay, or defraud the Maywood Debtors' creditors.

54. The Transfers constituted a fraudulent conveyance in violation of New York Debtor and Creditor Law § 276.

55. By reason of the foregoing, pursuant to New York Debtor and Creditor Law § 276 and 11 U.S.C. §§ 544(b), 550, and 551, the Trustee is entitled to a judgment.

## EIGHTH CLAIM FOR RELIEF

### (Action to Avoid Preferential Transfers Pursuant to Bankruptcy Code Section - 11 U.S.C. § 547)

56. The Trustee repeats and realleges each and every allegation contained in paragraphs 1 through 55 above as if fully set forth at length.

57. According to Maywood Capital's bankruptcy schedules, Greenblatt received payments of not less than $404,482.50 within the one year period immediately prior to the Maywood Capital's petition date (the "Payments").

#1474710 v5
108854-65310

58.    As an officer and director of the Maywood Debtors' Greenblatt was an insider as that term is defined in 11 U.S.C. §101(31) and 547(b)(4)(B).

59.    The Payments were made to or for the benefit of Greenblatt, a creditor of one or more of the Maywood Debtors.

60.    The Payments were made for or on account of an antecedent debt owed by one or more of the Maywood Debtors to Greenblatt before the Payments to Greenblatt were made.

61.    Upon information and belief, the Payments were made while one or more the Maywood Debtors were insolvent.

62.    Upon information and belief, the Payments enabled Greenblatt to receive more than he would have received if: (a) the Maywood Debtors' chapter 11 cases were under chapter 7 of the Bankruptcy Code, (b) the Payments to Greenblatt had not been made, and (c) Greenblatt had received the Payments to the extent provided by the provisions of the Bankruptcy Code.

63.    By reason of the foregoing, the Payments constitute avoidable preferences, and the Plaintiff is entitled to an order and judgment avoiding the Payments under § 547 of the Bankruptcy Code.

64.    By reason of the foregoing, Plaintiff is entitled to an order and judgment under §§ 547 and 550 of the Bankruptcy Code allowing the Plaintiff to recover the amount of the Payments to Greenblatt.

#1474710 v5
108854-65310

## NINTH CLAIM FOR RELIEF

### (For Attorney's Fees Under New York State Debtor and Creditor Law
Section 276-a)

65.     The Trustee repeats and realleges each and every allegation contained in paragraphs 1 through 64 above as if fully set forth at length.

66.     By reason of the foregoing, the Plaintiff is entitled to reasonable attorneys' fees in this action against the Defendants as provided for in New York State Debtor and Creditor Law Section 276-a.

## TENTH CLAIM FOR RELIEF

### (Breach of Fiduciary Duties)

67.     The Trustee repeats and realleges each and every allegation contained in paragraph 1 through 66 above as if fully set forth at length.

68.     At all relevant times, Greenblatt, as an officer and director of the Maywood Debtors, owed fiduciary duties to the Maywood Debtors and its creditors under the New Business Corporation Law and the common law, including a duty of care, a duty of loyalty, and a duty of good faith.

69.     As alleged herein, Greenblatt breached his fiduciary duties by instigating, permitting, and participating in the improper depletion of the Maywood Debtors' funds and assets committed to his charge for his own personal gain.

70.     As alleged herein, Greenblatt breached his fiduciary duties by conducting a Ponzi scheme through the Maywood Debtors through which he defrauded over one hundred individuals of millions of dollars.

#1474710 v5
108854-65310

71.    Greenblatt's actions subjected the Maywood Debtors to restitution claims that were fixed in the Maywood Debtors' bankruptcy cases as not less than $19,366,703.86.

72.    Greenblatt breached his fiduciary duties by failing to devise, implement, and maintain proper financial controls in managing the Maywood Debtors' businesses and assets.

73.    As a result of all of the foregoing misconduct and Greenblatt's breach of fiduciary duties under New York Business Corporation Law § 270, the Debtors suffered significant losses in an amount not less than $19,366,703.86, which the Trustee is entitled to recover from Greenblatt for the benefit of the Maywood Investors and the Maywood Debtors' estates.

## ELEVENTH CLAIM FOR RELIEF

### (Conversion)

74.    The Trustee repeats and realleges each and every allegation contained in paragraphs 1 through 73 above as if fully set forth at length.

75.    In using no less than $5,950,480.59 of the Maywood Debtors' funds for his own personal use and for that of his family, Greenblatt improperly converted the Maywood Debtors' funds.

76.    Greenblatt's conversion of the funds was done with the willful and malicious intent of injuring the Maywood Debtors and their creditors, and with a wanton disregard of their rights.

77.    As a result of Greenblatt's actions, he is liable for compensatory and punitive damages.

#1474710 v5
108854-65310

**WHEREFORE,** the Trustee respectfully requests that the court enter judgment in favor of the Plaintiff and against Greenblatt and Greenblatt's estate together with pre-judgment interest, attorney's fees, and costs of suit and granting such other relief that the court may deem just and fair.

Dated: New York, New York
      February 19, 2010

**GIBBONS P.C.**

By:   *s/John P. Campo*
      John P. Campo
      Jeffrey S. Berkowitz
      One Pennsylvania Plaza,
      37th Floor
      New York, New York 10119
      Tel.: (212) 613-2000

*Attorneys for the Plaintiff*

#1474710 v5
108854-65310